IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| A.M., et al. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Advanced Reproductive Health Center, )<br>Ltd )<br>Defendant. ) | No. 24-cv-07559<br><br>Judge: Martha M. Pacold |

**UNOPPOSED MOTION FOR RELATEDNESS, REASSIGNMENT AND CONSOLIDATION PURSUANT TO LOCAL RULE 40.4 AND RULE 42(a)**

Defendant Advanced Reproductive Health Center, Ltd. ("ARHC"), through its attorneys, respectfully requests that the Court grant this motion for relatedness, reassignment, and consolidation pursuant to Local Rule 40.4 and FED. R. CIV. P. Rule 42(a). In support of this motion, Defendants states as follows.

**INTRODUCTION**

Defendant is currently being sued in two related matters in the Northern District of Illinois: (1) *A.M. v. Advanced Reproductive Health Center*, Case No. 24-cv-07599 ("ARHC I"); and (2) *J.K. v. Advanced Reproductive Health Center*, Case No. 24-cv-07655 ("ARHC II"). Both lawsuits assert similar putative class action claims against ARHC for: (1) alleged violations of the Electronic Communications Privacy Act, 18 U.S.C. § 2511(a), et seq.; and (2) negligence. In addition to these claims, ARHC II also includes putative class claims for unjust enrichment and violations of the Illinois Eavesdropping Statute, 720 ILCS § 5/14-1, et seq. Plaintiffs' counsel in ARHC I and ARHC II do not oppose this motion.

As outlined below, ARHC I and ARHC II meet the requirements of Local Rule 40.4(a) because the lawsuits involve the same issues, facts, and overlapping class definitions. Additionally,

the requirements of Local Rule 40.4(b) have been satisfied, as both cases are within this district, will promote substantial judicial economy, and neither case has progressed significantly. Finally, under FED. R. CIV. P. 42(a), the allegations in both lawsuits arise from the same set of facts, requiring the courts to consider the same questions of law and fact as they apply to the respective putative classes. Therefore, it is appropriate for these lawsuits to be related, reassigned, and consolidated for all purposes.

## BACKGROUND

Defendant, ARHC, provides IVF treatment in the Chicago metropolitan area and as part of its business has a website – www.chicagoivf.com. Both lawsuits allege that by interacting with ARHC's website, ARHC violated its user's privacy by sharing certain information with third-party marketers. ARHC I was filed on August 21, 2024 and was assigned to this Court. ARHC II was filed on August 23, 2024 and was assigned to Judge Valderama. In accordance with Local Rule 40.4(c), the complaint for ARHC II is attached to this motion as Exhibit A.

## ARGUMENT

**I.      THE CASES ARE RELATED UNDER LOCAL RULE 40.4 (a)**

Under Local Rule 40.4(a), cases are considered related if one or more of the following are met:

1. the cases involve the same property;
2. the cases involve some of the same issues of fact or law;
3. the cases grow out of the same transaction or occurrence; or
4. in class action suits, one or more of the classes involved in the cases is or are the same.

Local Rule 40.4(a). The local rule "does not require complete identity of issues in order for cases to be considered related." *Murry v. America's Mortgage Banc, Inc.*, No. 03 C 5811, 2004 U.S. Dist. LEXIS 3148, at *6 (N.D. Ill. Feb. 27, 2004). Both lawsuits meet all for criteria under Local Rule 40.4(a). Both cases relate to or arise out of the use of ARHC's website, the interaction of that

2

website with its users and third-party marketers, and the sharing of information of those users to third-parties. The core allegations of each lawsuit assert the same core facts and legal theories for liability. Finally, the class definitions overlap and seek to represent substantively similar putative classes.

- AHRC I – "Plaintiff seeks to represent a class defined as all persons in the United States who, during the class period, had a Facebook account and booked a consultation on www.chicagoivf.com"
- AHRC II – "All individuals residing in the United States who used Defendant's Website and had their Private Information shared with unauthorized third parties including, but not limited to, Facebook during the applicable statutory period."

In all, the four criteria under Local Rule 40.4(a) are met and the cases are related.

## II.     THE CASES SHOULD BE REASSIGNED UNDER LOCAL RULE 40.4 (b)

In addition to satisfying Local Rule 40.4(a), the two cases also meet the requirements of Local Rule 40.4(b) for reassignment to this Court. Under the local rule, the following four conditions must be met for the case to be reassigned under Local Rule 40.4(b).

1. both cases are pending in this Court;
2. the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;
3. the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and
4. the cases are susceptible of disposition in a single proceeding.

Local Rule 40.4(b). Each of these factors are met. There is little dispute that factors (1), (3), and (4) are met. The cases were filed 2 days apart in the Northern District, an answer or responsive pleading has not been filed in either case, and the allegations and issues can be resolved before a single proceeding.

There is also little dispute that reassigning AHRC I and AHRC II before a single judge will result in substantial saving of judicial time and effort. Both cases allege substantively similar legal theories that will likely involve similar discovery and require the court to resolve class certification

3

and dispositive motions. Reassignment will ensure there are consistent rulings, avoid two courts investing time and effort to learn about the allegations (which are going to be very technical), and efficiently resolve the dispute. As a result, all four factors under Local Rule 40.4(b) have been met.

**III.     THE CASES SHOULD BE CONSOLIDATED**

A court may consolidate two actions that involve common questions of law or fact under Fed. R. Civ. P. 42(a). See *Star Insurance Co. v. Risk Marketing Group Inc.*, 561 F.3d 656, 660 (7th Cir. 2009). "When there is no undue prejudice to any party, consolidation should be allowed if it will promote judicial efficiency and there is a risk of inconsistent rulings." *Pochert v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 11 C 2440, 2011 U.S. Dist. LEXIS 102213, at *8 (N.D. Ill. Sep. 9, 2011), citing *Pactiv Corp. v. Multisorb Technologies, Inc.*, No. 10 C 461, 2011 U.S. Dist. LEXIS 15991 (N.D. Ill. Feb. 15, 2011). The Seventh Circuit has emphasized that consolidation is "the best means of avoiding wasteful overlap when related suits are pending in the same court." *Blair v. Equifax Check Services*, 181 F.3d 832, 839 (7th Cir. 1999).

As outlined above, these cases involve similar claims and legal theories which, if not consolidated, may lead to inconsistent rulings in two different courts. Given the technical issues and facts in both cases, consolidation will promote judicial efficiency by allowing a single court to address and resolve the disputes, rather than requiring two courts to handle the same complex issues. Therefore, these cases should be consolidated under Fed. R. Civ. P. 42(a).

**CONCLUSION**

Due to the nearly identical allegations in AHRC I and AHRC II this court should find that the cases are (1) related under Local Rule 40.4(a); (2) should be reassigned pursuant to Local Rule 40.4(b); and (3) consolidated for all purposes under Fed. R. Civ. P. 42(a).

4

Respectfully submitted,

Advanced Reproductive Health Center, Ltd

By: /s/ Walker R. Lawrence
      One of Defendant's Attorneys

Walker R. Lawrence – #6296405
wlawrence@levinginsburg.com
Howard L. Teplinsky – #6197501
hteplinsky@levinginsburg.com
LEVIN GINSBURG
Attorneys for Plaintiffs
180 North LaSalle Street, Suite 2750
Chicago, Illinois 60601-2713
Telephone: 312-368-0100
Telefax: 312-368-0111

## **CERTIFICATE OF SERVICE**

I, Walker R. Lawrence, an attorney, hereby certify on October 23, 2024 that I caused a copy of the foregoing *Unopposed Motion for Relatedness, Reassignment and Consolidation Pursuant to Local Rule 40.4 And Rule 42(a)* to be served upon all counsel of record via the Court's CM/ECF system.

By: /s/ Walker R. Lawrence