**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| A.M. and J.K., *individually and on behalf of all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCED REPRODUCTIVE HEALTH CENTER, LTD. d/b/a CHICAGO IVF,<br><br>Defendant. | **Case No. 1:24-cv-07559**<br><br>**DEFENDANT ADVANCED REPRODUCTIVE HEALTH CENTER, LTD. D/B/A CHICAGO IVF'S MEMORANDUM IN RESPONSE TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT OR IN THE ALTERNATIVE MOTION TO STRIKE CLASS ALLEGATIONS** |

Defendant Advanced Reproductive Health Center, LTD d/b/a Chicago IVF ("Chicago IVF"), by its counsel, respectfully submits this memorandum[1] in response to Plaintiffs' Opposition (ECF No. 31) to Chicago IVF's Motion to Dismiss or in the Alternative Motion to Strike Class Allegations (ECF No. 28).

## I. PLAINTIFFS' ELECTRONIC COMMUNICATIONS PRIVACY ACT CLAIM MUST BE DISMISSED BECAUSE THE CRIME-TORT EXCEPTION DOES NOT APPLY.

Within the Opposition, Plaintiffs do no dispute, and therefore concede, that Chicago IVF was a party to the alleged communications. *See Id.*, pg. 9-11; *see also Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument…results in waiver."). Rather, Plaintiffs' argue that the crime-tort exception within 18 U.S.C. § 2511(2)(d) applies because Chicago IVF "intended to violate various tort and criminal laws through the interception

[1] By submitting this reply brief, Chicago IVF denies all of the arguments and allegations contained in Plaintiffs' Opposition, even if not specifically addressed herein.

of Plaintiffs' communications, including HIPAA's criminal prohibitions against disclosing IIHI and PHI without authorization." *Id.*, pg. 10. However, Plaintiffs' argument must be rejected because "[s]everal circuits have determined that, to plead the crime-tort exception, the allegedly unlawful act must be *independent* of the allegedly unlawful interception." *Brown v. Learfield Commc'ns, LLC,* No. 1:23-CV-00374-DAE, 2024 WL 3676709, at *4 (W.D. Tex. June 27, 2024) (listing cases). Accordingly, "a plaintiff must plead sufficient facts to support an inference that the offender intercepted the communication for the purpose of a tortious or criminal act that is *independent* of the intentional act of recording." *In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125, 135 (3d Cir. 2015); *see also Caro v. Weintraub*, 618 F.3d 94, 100 (2d Cir. 2010) (same); *Planned Parenthood Fed'n of Am., Inc. v. Newman,* 51 F.4th 1125, 1136 (9th Cir. 2022) (same). Similar to here, in *Nienaber v. Overlake Hosp. Med. Ctr.*, the plaintiff alleged that "[d]efendant's conduct falls squarely within the crime/tort exception because [through its implementation of tracking technologies on its website] it intended to violate various tort and criminal laws through the interception of plaintiff's communications, including HIPAA's criminal prohibitions against disclosing 'individually identifiable health information' without authorization." *Id.*, No. 2:23-CV-01159-TL, 2025 WL 692097, at *13 (W.D. Wash. Mar. 4, 2025). In rejecting this argument, the court held that "plaintiff's own argument demonstrates that the alleged tortious or criminal use of the acquired communications is the disclosure itself" and plaintiff fails to "evaluate the distinction between the interception and transmission of data." *Id.* Similarly, the Second Circuit has held that:

> *A simultaneous tort arising from the act of recording itself is insufficient.* Congress chose the word "purpose" for a reason. Therefore, the offender must have as her objective a tortious or criminal result. Had Congress intended for the act of recording itself to provide the tortious intent necessary, it could have chosen to define the exception in terms of interception of oral communications *resulting in* a tortious or criminal act. But Congress limited the cause of action to instances where

> one party to the conversation deliberately seeks to harm the other participant through the information intercepted.

*Caro,* 618 F.3d 94, 100. Here, Plaintiffs concede that that the alleged tort/criminal act was "simultaneous" with the alleged act of recording. *See* Complaint, ¶ 240. Accordingly, the Electronic Communications Privacy Act claim must be dismissed because Plaintiffs fail to allege an unlawful act *independent* of the allegedly unlawful interception.

## II. PLAINTIFFS' NEGLIGENCE CLAIM MUST BE DISMISSED BECAUSE THEY FAIL TO ALLEGE PROXIMATE CAUSATION.

To state a claim for negligence under Illinois law, “a plaintiff must plead that the defendant owed a duty of care to the plaintiff, that the defendant breached that duty, and that the breach was the proximate cause of the plaintiff's injuries.” *Cowper v. Nyberg*, 28 N.E.3d 768, 772 (Ill. 2015). To that end, within the Opposition, Plaintiffs fail to address the legal deficiencies identified by Chicago IVF in its opening brief relating to proximate causation. *See Id*., pg. 11-12; *see also Bonte*, 624 F.3d 461, 466 ("Failure to respond to an argument…results in waiver.").

Alternatively, should Plaintiffs implicitly seek to combine the traceability element of Article III standing with the proximate causation element of negligence, that would be improper as the two legal concepts are "not the same thing[.]" *Haymarket DuPage, LLC v. Vill. of Itasca*, No. 22-CV-160, 2024 WL 809110, at *12 (N.D. Ill. Feb. 27, 2024). Indeed, "traceability is a watered down version of causation." *Id*. "Proximate causation requires a direct causal link between the injury and the conduct." *Id*. “[T]here must be some direct relation between the injury asserted and the injurious conduct alleged.” *Id*. (internal citation omitted). Here, even if Plaintiffs satisfy the "watered down" traceability requirement, they still fail to satisfy the more stringent proximate causation requirement because they fail to allege that they received targeted advertisement from Chicago IVF. *See* Complaint, *generally*. Rather, Plaintiffs concede that they "began receiving

advertisements on their Meta accounts (Facebook and/or Instagram) for **other fertility clinics** that provide fertility treatment." *See Id.*, ¶ 44. Accordingly, even assuming the truth of Plaintiffs' allegations, Plaintiffs still fail to establish a "direct causal link" between Chicago IVF's alleged conduct and the alleged targeted advertisement they received. As Plaintiffs admit that "other fertility clinics" collected their alleged private information for personal gain, Plaintiffs' negligence claim must be dismissed.

## III. PLAINTIFFS' UNJUST ENRICHMENT CLAIM MUST BE DISMISSED BECAUSE PLAINTIFFS RECEIVED EXACTLY WHAT THEY BARGAINED FOR.

Within the Opposition, Plaintiffs allege that they "may maintain an unjust enrichment claim in the alternative to its legal claims." *See Id.*, pg. 12. However, as the Seventh Circuit has held, "[u]njust enrichment does not constitute an independent cause of action." *Nat'l Cas. Co. v. White Mountains Reinsurance Co. of Am.*, 735 F.3d 549, 569–60 (7th Cir. 2013).

Within the Opposition, Plaintiffs premise their unjust enrichment claim on the allegation that they "conferred a monetary benefit upon Defendant in the form of valuable sensitive medical information that Defendant collected from Plaintiffs[.]" *See Id.*, pg. 12. However, "Courts have...routinely rejected the 'proposition that an individual's personal identifying information has an independent monetary value.'" *In re Arthur J. Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573, 592 (N.D. Ill. 2022) (listing cases); *see also Brown v. State Farm Mut. Auto. Ins. Co.*, No. 23 C 6065, 2025 WL 81340, at *9 (N.D. Ill. Jan. 13, 2025) (same).

Within the Complaint, Plaintiffs also premise their unjust enrichment claim on the allegation that they "would not have used Defendant's services or would have paid less for those services, if they had known that Defendant would collect, use, and disclose…information to third parties." *See Id.*, ¶ 57. However, courts have routinely rejected this argument in the context of data

privacy litigation. *See Remijas v. Neiman Marcus Grp., LLC,* 794 F.3d 688, 694 (7th Cir. 2015) (in the context of data breach litigation, describing plaintiff's overpayment theory as "dubious" and "problematic" and refraining from relying on this theory to support standing); *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 968 (7th Cir. 2016) (same); *In re Arthur J. Gallagher Data Breach Litig.,* 631 F. Supp. 3d 573, 592 (in the context of data breach litigation, dismissing plaintiff's unjust enrichment claim because "plaintiffs have not plausibly alleged defendants' retention of a benefit conferred by plaintiffs"); *In re Mondelez Data Breach Litig.*, No. 23 C 3999, 2024 WL 2817489, at *6 (N.D. Ill. June 3, 2024) ("Given that the exposed personal information here was entrusted to defendants only in the ordinary course of plaintiffs' employment by Mondelez, the allegations do not support any conclusion that defendants have 'unjustly retained any benefit provided by plaintiffs.' The motions to dismiss are granted as to any claim of unjust enrichment."); *Roper v. Rise Interactive Media & Analytics, LLC,* No. 23 CV 1836, 2023 WL 7410641, at *6 (N.D. Ill. Nov. 9, 2023) ("Defendant's alleged retention of Plaintiffs' SPI does not confer a benefit on Defendant's as that term is understood for purposes of unjust enrichment."); *Flores v. Aon Corp.*, 2023 IL App (1st) 230140, ¶ 38 ("plaintiffs argue that defendant benefited from the receipt of plaintiffs' personal information, since the personal information was used to purchase insurance through defendant. However…defendant incidentally received plaintiffs' personal information as an administrative necessity for providing their insurance services… Plaintiffs have failed to allege that defendant has unjustly retained any benefit provided by plaintiffs."); *Cmty. Bank of Trenton v. Schnuck Markets, Inc.*, 210 F. Supp. 3d 1022, 1046 (S.D. Ill. 2016) (same). Here, Plaintiffs' primary purpose for visiting Chicago IVF's facilities was to receive healthcare services, not data security services. Accordingly, Plaintiffs received exactly what they bargain for, and therefore their unjust enrichment claim must be dismissed.

## IV. PLAINTIFFS' ILLINOIS EAVESDROPPING STATUTE CLAIM MUST BE DISMISSED BECAUSE CHICAGO IVF WAS A PARTY TO THE ALLEGED COMMUNICATION

720 ILCS 5/14-2(a)(3) provides that a person commits eavesdropping when he or she knowingly and intentionally:

> Intercepts, records, or transcribes, in a surreptitious manner, any private electronic communication to which he or she is not a party unless he or she does so with the consent of all parties to the private electronic communication[.]

*Id.* Analyzing this statute in the context of pixel litigation, a court within the Northern District of Illinois recently held that "[t]o interpret Section 14-2(a)(3) as also reaching communications where the eavesdropper is a party would render that text a nullity, which the court will not do." *Mayer v. Midwest Physician Admin. Servs., LLC,* No. 23-CV-3132, 2025 WL 963779, at *4 (N.D. Ill. Mar. 31, 2025) (internal citation omitted). Similarly, in the context of pixel litigation, another court within the Northern District of Illinois held that "[b]ecause [defendant] was [a] party to the communications alleged to have been sent impermissibly to Meta, plaintiffs have not pled a Section 14-2(a)(3) violation." *Stein v. Edward-Elmhurst Health,* No. 23-CV-14515, 2025 WL 580556, at *8 (N.D. Ill. Feb. 21, 2025). Here, Plaintiffs allege that "Defendant is a 'party to the communication' with respect to patient communications." *See* Complaint, ¶ 240. As such, Plaintiffs' claim based upon 720 ILCS 5/14-2(a)(3) must be dismissed.

720 ILCS 5/14-2(a)(4) provides that a person commits eavesdropping when he or she knowingly and intentionally:

> Manufactures, assembles, distributes, or possesses any electronic, mechanical, eavesdropping, or other device knowing that or having reason to know that the design of the device renders it *primarily useful* for the purpose of the surreptitious overhearing, transmitting, or recording of private conversations or the interception, or transcription of private electronic communications and the intended or actual use of the device is contrary to the provisions of this Article[.]

*Id.* Recently, in the context of pixel litigation, a court within the Northern District of Illinois ruled that a *healthcare provider* cannot be held liable for an alleged violation of 720 ILCS 5/14-2(a)(4). *See Midwest Physician Admin. Servs.*, No. 23-CV-3132, 2025 WL 963779, at *4 ("Nor do Plaintiffs allege any violation of Section 14-2(a)(4), which extends liability to manufacturers and distributors of eavesdropping devices."). As such, Plaintiffs' claim based upon 720 ILCS 5/14-2(a)(4) must be dismissed because Plaintiffs concede that Chicago IVF is in the business of "provid[ing] fertility treatment[.]" *See* Complaint, ¶ 4.

720 ILCS 5/14-2(a)(5) provides that a person commits eavesdropping when he or she knowingly and intentionally:

> Uses or discloses any information which he or she knows or reasonably should know was obtained from a private conversation or private electronic communication in violation of this Article, unless he or she does so with the consent of all of the parties.

*Id.* Analyzing this statute in the context of pixel litigation, a court within the Northern District of Illinois recently held that "Plaintiffs must first allege a violation of Section 14-2…(a)(3), or (a)(4) to plead a claim under Section 14-2(a)(5)."*Midwest Physician Admin. Servs.* WL 963779, at *4. Here Plaintiffs' claim based upon 720 ILCS 5/14-2(a)(5) must be dismissed because as explained above, Plaintiffs do not allege a violation of 720 ILCS 5/14-2(a)(3) or (4).

## V. PLAINTIFFS' CLASS ALLEGATIONS MUST BE STRICKEN BECAUSE THE PROPOSED CLASS LACKS NUMEROSITY, COMMONALITY, AND TYPICALITY.

Within Plaintiffs' Opposition, Plaintiffs allege that they can certify a class under Rule 23 based upon the Northern District of Georgia's decision in *Jancik v. WebMD LLC*, 2025 WL 560705, at *9-10 (N.D. Ga. Feb. 20, 2025). However, *WebMD* is factually distinguishable because there plaintiff alleged that defendant was “[t]he leading source for trustworthy and timely health and medical news and information", reflected by the "80 million monthly active users" that visited

defendant's website. *See Id.*, ECF No. 71, ¶¶ 10-12. Accordingly, given defendant's significant online presence, the court held, after considering external factors (such as a subscriber's device, browser, and Meta settings), that "common sense" suggests that that the proposed class satisfies the numerosity requirement. Here, in contrast to *WebMD*, Plaintiffs concede that Chicago IVF is a small fertility clinic that does not come close to the size of WebMD. *See* Complaint, ¶ 4. Accordingly, this matter is similarly to *Martinez v. D2C, LLC*, where the court, in the context of pixel litigation, in analyzing the same external factors held that plaintiff was unable to satisfy the numerosity requirement even where defendant had 35,845 online subscribers. *See Id.*, 2024 WL 4367406 (S.D. Fla. Oct. 1, 2024).

In addition to lacking numerosity, the proposed class lacks typicality, which in the context of data privacy litigation, courts have used as the basis to strike class allegations at the pleading stages of litigation. *See Quinalty v. FocusIT LLC*, No. CV-23-00207-PHX-JJT, 2024 WL 342454, at *3 (D. Ariz. Jan. 30, 2024) (in the context of data breach litigation, striking class allegations before discovery); *In re Cupertino Electric Inc. Litigation*, Case 5:23-cv-04007-BLF, ECF No. 69 (N.D. Cal. Aug. 14, 2024) (same). For instance, in *In re Cupertino Electric Inc.* the court held that:

> Plaintiffs allege a "Nationwide Class" defined as "All natural persons residing in the United States whose personal identifiable information (PII) was compromised…There are simply too many variations in injury, causation, and damages among the class members to permit certification as alleged. Furthermore, the class definition is made worse by the chorus of post-*TransUnion* holdings that stolen data alone does not confer standing…As such, the Court finds that Plaintiffs have not adequately alleged typicality.

*See* ECF No. 69, pg. 20-21; *see also Quinalty*, WL 342454, at *3 (same).

Here, Plaintiffs seek to represent a nationwide class defined as "all individuals residing in the United States who used Defendant's Website and had their Private Information shared with unauthorized third parties including, but not limited to, Facebook during the applicable statutory

period." *See* Complaint, ¶205. However the proposed class lacks typicality because it includes individuals that do not have Article III standing to sue, including non-patients that visited Chicago IVF's Website. As such, Plaintiffs' class allegations must be stricken.

## VI. CONCLUSION

WHEREFORE, Chicago IVF respectfully moves pursuant to Fed. R. Civ. P. 12(b) (1) and 12(b)(6) for an order dismissing this matter. Alternatively, Chicago IFV respectfully moves pursuant to Fed. R. Civ. Pro. Fed. 23(c)(1)(A) and 23(d)(1)(D) for an order striking the class allegations. Chicago IVF respectfully seeks such further relief as appears lawful, equitable, and just.

Respectfully submitted,

**WOOD SMITH HENNING & BERMAN, LLP**

*/s/ Ryan M. Neri*
Ryan M. Neri
Jonathon J. Ibarra
.
222 South Riverside Plaza Suite 640
Chicago, IL 60606

rneri@wshblaw.com
jibarra@wshblaw.com

**Attorneys for Defendant**
**Advanced Reproductive Health Center, LTD. d/b/a Chicago IVF**

**CERTIFICATE OF SERVICE**

I certify that on April 24, 2025, a true and correct copy of the foregoing instrument was served on all parties and/or counsel of record by electronic service in accordance with the FEDERAL RULES OF CIVIL PROCEDURE. My email address is rneri@wshblaw.com

BURSOR & FISHER, P.A.
Sarah N. Westcot
Stephen A. Beck
swestcot@bursor.com
sbeck@bursor.com

ALMEIDA LAW GROUP, LLC
David S. Almeida
Matthew J. Langley
david@almeidalawgroup.com
matt@almeidalawgroup.com

HEDIN LLP
Frank S. Hedin
fhedin@hedinllp.com

*/s/ Ryan M. Neri*
Ryan M. Neri